## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

```
--------------------------------------------------x
NATIONAL ASSOCIATION FOR THE          )
SPECIALTY FOOD TRADE, INC.,           )
                                      )
            Plaintiff,                )
                                      )
      v.                              )
                                      )
CONSTRUCT DATA VERLAG AG,             )
                                      )
            Defendant.                )
--------------------------------------------------x
```

Civil Action No. _____

**COMPLAINT**

**PLAINTIFF DEMANDS
TRIAL BY JURY**

## COMPLAINT

Plaintiff, National Association for the Specialty Food Trade, Inc. (hereinafter "NASFT" or "Plaintiff"), by its attorneys, Baker Botts L.L.P., for its complaint against the above-named defendant, Construct Data Verlag AG ("Construct Data" or "Defendant"), alleges as follows:

## NATURE OF THE ACTION

1.     This is an action for trademark infringement, unfair competition, false advertising, and trademark dilution under the United States Trademark ("Lanham") Act, as amended, and related claims under New York statutory and common law. These claims arise from Defendant's repeated and prominent use of "NASFT", "NASFT FANCY FOOD SUMMER", and "NASFT FANCY FOOD WINTER" and "NASFT National Association for the Specialty Food" in solicitations disseminated to NASFT members to entice such members to pay for advertisements in Defendant's publications.

## THE PARTIES

2.      NASFT is a not-for-profit business trade association organized and existing under the laws of the state of New York with a principal place of business at 120 Wall Street, 27th Floor, New York, NY 10005-4001.

3.      NASFT is an international organization, whose purpose is to foster trade, commerce and interest in the food industry.   NASFT's membership is comprised of domestic and foreign manufacturers, importers, distributors, brokers, retailers, restaurateurs, caterers and others in the specialty foods business. The organization has about 2,400 current member companies throughout the United States and overseas.

4.      On information and belief, Construct Data is a limited liability company organized and existing under the laws of Austria with a principal place of business at Ortsstraße 54, A-2331 Vösendorf, Niederoesterreich, Austria.

5.      On information and belief, Construct Data is, according to its own self description, in the business of printing, publishing and distributing directories and guides to exhibitions and fairs in various industries around the world, including this judicial district.

6.      On information and belief, Construct Data is widely known in the exhibition industry for engaging in deceptive trade practices for the purposes of soliciting exhibitors to advertise in its alleged on-line publications for exorbitant fees.  On information and belief, recently, organizers of exhibitions and trade shows such as the Mondial Image-Photo-Son in Paris, France, VNU Exhibitions, and the Hong Kong Optical Fair have issued warnings and advisories to their members and exhibitors concerning Construct Data.  True and correct copies of the warnings issued by Mondial Image-Photo-Son in Paris, France, VNU Exhibitions, and the Hong Kong Optical Fair are attached hereto as Exhibit 1.

7.      On information and belief, Construct Data targets businesses that participate in exhibitions and trade shows located in this judicial district through direct mail and its website available at the URL: *www.fairguide.com*.  On information and belief, the website is interactive and residents of this judicial district are able to list their companies on the website for a fee by filling in a form on the site.  A printout of the site, available at http://*www.fairguide.com*, is attached hereto as Exhibit 2.

## JURISDICTION

8.      The First, Second, Third, and Fourth Causes of Action arises under the Lanham Act.  Subject matter jurisdiction in this Court over this cause of action is proper pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338.

9.      The Fifth, Sixth, Seventh and Eighth Causes of Action arise under New York common and statutory law, and are substantially based upon the same operative facts as the First, Second, Third, and Fourth Causes of Action.  Subject matter jurisdiction in this Court over the Fifth, Sixth, Seventh, and Eighth Causes of Action is proper pursuant to 28 U.S.C. § 1338(b), and on the basis of supplemental jurisdiction.

10.     Jurisdiction is proper in this Court pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, 1338 and 1367.

11.     This Court has personal jurisdiction over the Defendant based on the following: Defendant conducts business in this district and/or Defendant has engaged in tortious conduct in this district; and/or Defendant has caused injury to Plaintiff in this district.

## VENUE

12.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

## NASFT'S TRADE NAME AND SERVICE MARKS

13.     NASFT was established in 1952.  Since its formation, NASFT has used the trade

name NATIONAL ASSOCIATION FOR THE SPECIALTY FOOD TRADE and service mark

NASFT in connection with its trade show exhibitions and educational conferences, seminars and

lectures for the food industry.

14.     Since at least as early as 1955, NASFT has organized and sponsored its NASFT

FANCY FOOD SHOWS, which are well-attended, well-regarded, and indeed, considered to be

the premier marketplace for reaching the specialty food industry.  NASFT's shows attract from

15,000 to 30,000 attendees from specialty food, wine, gift and department stores, supermarkets,

restaurants, mail order and other related businesses.

15.     NASFT has extensively marketed, promoted and advertised its NASFT and

NASFT FANCY FOOD SHOW services at its trade shows, in print and on-line advertising,

brochures and direct mail.  NASFT also promotes its services and exhibitions through its

*Specialty Food Magazine* publication distributed to over 27,000 members of the food industry

and through its on-line e-newsletter, *Specialty Food News*, which reaches approximately 40,000

members of the industry each business day.  Moreover, NASFT promotes its services and shows

on its website available at the URLs: *www.specialtyfood.com, www.nasft.org.*, and

*www.fancyfoodshows.com* which receives thousands of "hits" weekly from consumers in the

food industry.

16.     NASFT has duly registered its marks and variants thereof in the United States

Patent and Trademark Office and is the owner of the following U.S. Trademark Registrations:

No. 1,980,663 for NASFT; No. 2,137,883 for NASFT FANCY FOOD SHOW; and No.

1,925,821 for NASFT INFOLINK.  All of the aforementioned registrations are currently valid,

subsisting and in full force and effect, registered on the Principal Trademark Register of the

United States Patent and Trademark Office, and statutorily incontestable pursuant to 15 U.S.C. §

1065. True and correct copies of the certificates of registrations for the registrations identified

herein are attached hereto as Exhibit 3.

17.     As a result of the care and skill exercised by NASFT in connection with its

services and exhibitions, the supervision and control exercised by NASFT over the nature and

quality of its services and exhibitions and the widespread, continuous and exclusive use and

massive advertising thereof, its trade name NATIONAL ASSOCIATION FOR THE

SPECIALTY FOOD TRADE, and its service marks NASFT, NASFT FANCY FOOD SHOW

and variants thereof enjoy enormous recognition in the food industry, as well as among the

general public and are strongly and immediately associated by the industry exclusively with

Plaintiff. The trade name NATIONAL ASSOCIATION FOR THE SPECIALTY FOOD

TRADE and service marks NASFT, NASFT FANCY FOOD SHOW and variants thereof have

become distinctive of Plaintiff's services, acquired significant secondary meaning and are indeed

famous, symbolizing the immense goodwill that plaintiff now enjoys in the United States and

within this judicial district. The trade name NATIONAL ASSOCIATION FOR THE

SPECIALTY FOOD TRADE and service marks NASFT, NASFT FANCY FOOD SHOW and

variants thereof have become assets of incalculable value to Plaintiff.

## DEFENDANT'S WRONGFUL ACTIONS

18.     On information and belief, in or about Fall 2000, long after NASFT commenced

use of its trade name and service marks identified herein, Defendant began soliciting exhibitors

at NASFT's Winter NASFT Fancy Food Show by mailing a form, pre-printed with the recipient's

company name and address. The form displays in large print in the upper right hand corner the

following text "The FAIR GUIDE lists you under the following event: NASFT FANCY FOOD

WINTER."  The form then asks the recipient to complete its other contact details, sign and return the form.  The form also explains in small print that by signing the form the recipient agrees to allow Defendant to publish the contact information as an advertisement in Defendant's *Fair Guide* for a fee of $851.00 a year for three (3) years.  A true and correct copy of Defendant's Fall 2000 solicitation is attached hereto as Exhibit 4.

19.    On information and belief, as a result of this solicitation NASFT members and exhibitors at its shows were confused and misled into believing that NASFT sponsored, endorsed, licensed and/or authorized Defendant's solicitation and *Fair Guide*.

20.    In a series of letters dated from December 2000 through March 2001 NASFT gave Defendant written notice of its trademark rights and demanded that Defendant cease use of NASFT's trade name and service marks.  On information and belief, Defendant had thereafter ceased use of NASFT's name and marks.

21.    In or about the winter of 2004, it came to NASFT's attention that Defendant, on information and belief, had resumed its solicitations of NASFT's members and exhibitors by distributing pre-printed forms displaying the following text in large and bold print: "You are registered under the following event: "NASFT FANCY FOOD SUMMER" (or "NASFT FANCY FOOD WINTER").  To the right of this statement appears the following text, also in bold print: "org. NASFT National Assn. for the Specialty Food".  The form requests that the recipient provide information specified thereon for an accurate listing.  In small print, the form explains that, by signing, the recipient agrees to allow Defendant to publish the contact information as an advertisement in the *Fair Guide* for a fee of $981.00 a year for three (3) years.  A true and correct copy of Defendant's 2004 solicitation is attached hereto as Exhibit 5.  Defendant's 2000 and 2004 solicitations are referred to herein as the "*Fair Guide* solicitation(s)."

22.     On information and belief, Defendant's wrongful and misleading use of NASFT's trade name and service marks has caused actual confusion.  NASFT received reports that its members mistakenly believed that Defendant's organization represented, or was sponsored or approved by, the NASFT and executed Defendant's *Fair Guide* solicitations based on that false belief.  After learning that the NASFT is not affiliated in any way with Defendant,  NASFT members who had been deceived attempted to cancel their orders.  However, Defendant refused to accept such cancellations.

23.     On information and belief, Defendant knew that its *Fair Guide* solicitations were misleading and false.  On information and belief, Defendant has been the subject of additional complaints in the European Union and other trade show and exhibition organizers have issued warnings and advisories to their exhibitors concerning Defendant's misleading solicitations.

24.     Defendant had complete and full knowledge of NASFT's trademark rights and nevertheless used NASFT's trade name and service marks to create the impression that Defendant's *Fair Guide* solicitations are associated with or otherwise sponsored, endorsed, or licensed by NASFT.  Defendant's resumption and continuation of its unauthorized use of NASFT's trade name and service marks after receipt of numerous letters from Plaintiff is further indication of Defendant's bad faith and willful infringement.

25.     On information and belief, Defendant's actions, as described above, (1) have the likelihood of affecting interstate commerce by deceiving or confusing the public throughout the nation; (2) constitute trademark infringement, false designation of source, sponsorship or association and unfair competition; (3) constitute false advertising, commercial misrepresentation and unfair competition; and (4) are likely to dilute, damage, and/or blur the distinctive value of NASFT's famous trade name NATIONAL ASSOCIATION FOR THE

SPECIALTY FOOD TRADE and trademarks and service marks NASFT, NASFT FANCY FOOD SHOW, and variants thereof.

**FIRST CAUSE OF ACTION**
**(Violation of Section 32(1) of the Lanham Act**
**<u>Infringement of Registered Trademark</u>)**

26.     NASFT realleges and incorporates herein by reference the allegations of paragraphs 1 to 25 of the Complaint as set forth above.

27.     On information and belief, Defendant's aforementioned wrongful use of NASFT, NASFT FANCY FOOD SUMMER, NASFT FANCY FOOD WINTER, and NATIONAL ASSOCIATION FOR THE SPECIALTY FOOD constitutes use of a copy or colorable imitation of NASFT's federally registered trademarks No. 1,980,663 for NASFT; No. 2,137,883 for NASFT FANCY FOOD SHOW; and No. 1,925,821 for NASFT INFOLINK and is likely to cause confusion, mistake or to deceive as to source, sponsorship or authorization of Defendant's services or business activities.

28.     On information and belief, Defendant has deliberately and willfully adopted and used confusingly similar variants of NASFT's federally registered service marks identified herein in interstate commerce without any commercial necessity, legitimate reason or satisfactory explanation.

29.     As a proximate result of the acts of Defendant as alleged herein, NASFT has suffered and will continue to suffer great damage to its business, goodwill, reputation, and profits, while Defendant profits at NASFT's expense.

30.     NASFT has no adequate remedy at law for the infringement of its service marks as alleged herein.  Unless Defendant is permanently enjoined by the Court, NASFT will continue to suffer irreparable harm.

31.     As a direct consequence of Defendant's willful unlawful acts and practices as alleged in this Complaint, NASFT is suffering and will continue to suffer injury and damage, for which NASFT is entitled to relief under the Lanham Act.

## SECOND CAUSE OF ACTION
### (Federal Trademark Infringement, False Designation
### of Origin and Unfair Competition)

32.     NASFT realleges and incorporates by reference herein the allegations of paragraphs 1 to 31 above.

33.     Through NASFT's use of and promotion of its services under its trade name NATIONAL ASSOCIATION FOR THE SPECIALTY FOOD TRADE and service marks NASFT, NASFT FANCY FOOD SHOW and variants thereof, that trade name and those service marks have become uniquely associated with and identify NASFT as the source of trade show exhibitions and educational conferences, seminars and lectures and related products and services for the food industry.

34.     The aforementioned trade name and service marks have become business assets of immense value to NASFT and represent substantial good will to NASFT. After NASFT had expended significant monies in advertising featuring the aforementioned name and marks, without NASFT's knowledge or permission, Defendant, on information and belief,  commenced use of NASFT, NASFT FANCY FOOD SUMMER, NASFT FANCY FOOD WINTER, and NATIONAL ASSOCIATION FOR THE SPECIALTY FOOD in connection with its solicitations for its *Fair Guide* publication and listing services.

35.     On information and belief, Defendant's use of NASFT, NASFT FANCY FOOD SUMMER, NASFT FANCY FOOD WINTER, and NATIONAL ASSOCIATION FOR THE SPECIALTY FOOD  in connection with its *Fair Guide* solicitations as described herein is likely

to confuse, mislead and deceive members of the trade and the public into believing that NASFT

is the source or sponsor, or has approved or is otherwise associated with the Defendant's *Fair*

*Guide* solicitations.

36.     On information and belief, Defendant's use of NASFT, NASFT FANCY FOOD

SUMMER, NASFT FANCY FOOD WINTER, and NATIONAL ASSOCIATION FOR THE

SPECIALTY FOOD constitutes deliberate and willful copying and appropriation of NASFT's

trade name and service marks without any commercial necessity, permission, legitimate reason

or satisfactory explanation.

37.     On information and belief, Defendant has used NASFT, NASFT FANCY FOOD

SUMMER, NASFT FANCY FOOD WINTER, and NATIONAL ASSOCIATION FOR THE

SPECIALTY FOOD to falsely describe or represent that its services originate from, are

sponsored by and/or are affiliated with NASFT, and otherwise has made and will continue to

make false descriptions and representations about such services.  Such use infringes NASFT's

trade name and service marks, trades unfairly upon NASFT's fame, and misappropriates the

goodwill that NASFT has expended time, labor and money to create and has diligently created

over time.

38.     Defendant has engaged in such activities notwithstanding its knowledge of

NASFT's rights, including its trademark rights, in NASFT's trade name and service marks.

39.     On information and belief, Defendant's use of NASFT, NASFT FANCY FOOD

SUMMER, NASFT FANCY FOOD WINTER, and NATIONAL ASSOCIATION FOR THE

SPECIALTY FOOD has deceived, misled and confused members of the trade and the public into

believing that Defendant is in some way connected to NASFT, to enable Defendant to take

advantage of the famous reputation and goodwill enjoyed by NASFT and the trade's, the

industry's and the public's exclusive identification and association of the NASFT's trade name
and service marks with NASFT.

40.     On information and belief, Defendant willfully has committed, is committing,
and, unless enjoined by this Court, will continue to commit the unlawful acts and practices
alleged above, with full knowledge and with willful disregard of NASFT's rights, and for the
purpose and with the intent of deceiving others with respect to the source, origin, sponsorship or
affiliation of Defendant's services and their relationship to NASFT.

41.     Defendant's aforesaid acts constitute trademark infringement, false designation of
origin and unfair competition in violation of section 43(a) of the Lanham Act, 15 U.S.C. §
1125(a).

42.     As a proximate result of the acts of Defendant as alleged herein, NASFT has
suffered and will continue to suffer great damage to its business, goodwill, reputation, and
profits, while Defendant is reaping substantial benefits at NASFT's expense.

43.     NASFT has no adequate remedy at law for the infringement of its service marks
as alleged herein.  Unless Defendant is permanently enjoined by the Court, NASFT will continue
to suffer irreparable harm.

44.     As a direct consequence of Defendant's willful unlawful acts and practices as
alleged in this Complaint, NASFT is suffering and will continue to suffer injury and damage, for
which NASFT is entitled to relief under the Lanham Act.

### THIRD CAUSE OF ACTION
### (False Advertising, Commercial
### Misrepresentation and Unfair Competition)

45.     NASFT realleges and incorporates herein by reference the allegations of
paragraphs 1 through 44 above.

46.     By reason of Defendant's wrongful use of its infringing *Fair Guide* solicitations, members of the food industry are deceptively led to believe that, by advertising in the *Fair Guide*, they are advertising in a publication that is sponsored, or has approved or is otherwise associated with the NASFT and will be distributed at NASFT's trade shows and exhibitions.

47.     Defendant's aforesaid acts constitute false advertising, false representation in and affecting interstate commerce, and unfair competition, in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

48.     As a proximate result of the acts of Defendant as alleged herein, NASFT has suffered and will continue to suffer great damage to its business, goodwill, reputation, and profits, while Defendant is reaping substantial benefits at NASFT's expense.

49.     NASFT has no adequate remedy at law for the infringement of its service marks as alleged herein.  Unless Defendant is permanently enjoined by the Court, NASFT will continue to suffer irreparable harm.

50.     As a direct consequence of Defendant's willful unlawful acts and practices as alleged in this Complaint, NASFT is suffering and will continue to suffer injury and damage, for which NASFT is entitled to relief under the Lanham Act.

### FOURTH CAUSE OF ACTION
### (Violation of Section 43(c) of the Lanham Act Dilution)

51.     NASFT realleges and incorporates herein by reference the allegations of paragraphs 1 to 50 of the Complaint as set forth above.

52.     NASFT has expended substantial time, skill, labor and money in the creation, marketing, advertising and promotion of its trade name NATIONAL ASSOCIATION FOR THE SPECIALTY FOOD TRADE and service marks NASFT, NASFT FANCY FOOD SHOW and variants thereof and, as a result, the aforementioned name and marks have become famous and

have acquired distinctiveness and secondary meaning and connote to the minds of members of the industry and the public the services and products offered by NASFT.

53.    Defendant's wrongful use of NASFT, NASFT FANCY FOOD SUMMER, NASFT FANCY FOOD WINTER, and NATIONAL ASSOCIATION FOR THE SPECIALTY FOOD commenced after the NASFT's mark acquired distinctiveness, became famous, and exclusively associated with NASFT.

54.    Defendant's use of NASFT, NASFT FANCY FOOD SUMMER, NASFT FANCY FOOD WINTER, and NATIONAL ASSOCIATION FOR THE SPECIALTY FOOD on its *Fair Guide* solicitations dilutes, blurs, and diminishes the distinctive quality and value of NASFT's trade name and service marks identified herein and diminishes and actually lessens the advertising value and selling power, and the identity and reputation that NASFT's trade name and service marks might otherwise convey, in violation of 15 U.S.C. § 1125(c).

55.    Defendant's aforementioned acts constitute dilution in violation of section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

56.    On information and belief, such acts of the Defendant's were done willfully and wantonly, with an intent to trade on NASFT's reputation, and to suggest a connection with NASFT.

57.    As a proximate result of Defendant's unlawful acts as alleged herein, NASFT has suffered and will, without judicial intervention, continue to suffer, great damage to its business, goodwill, reputation and profits, while Defendant profits at NASFT's expense.

58.    NASFT has no adequate remedy at law for this unfair competition. Unless Defendant is permanently enjoined by the Court, NASFT will continue to suffer irreparable harm.

59.    As a direct consequence of Defendant's willful unlawful acts and practices as alleged in this Complaint, NASFT is suffering and will continue to suffer injury and damage, for which NASFT is entitled to relief under the Lanham Act.

### FIFTH CAUSE OF ACTION
### (Misappropriation)

60.    NASFT realleges and incorporates by reference herein the allegations of paragraphs 1 to 59 above.

61.    NASFT has expended substantial time, skills and labor in the advertising, marketing and promotion of its trade name NATIONAL ASSOCIATION FOR THE SPECIALTY FOOD TRADE and service marks NASFT, NASFT FANCY FOOD SHOW and variants thereof and the rendering and marketing of products and services thereunder.

62.    As a direct consequence of Defendant's unlawful acts and practices as alleged in this Complaint, Defendant has profited, is profiting and, unless such acts and practices are enjoined by this Court, will continue to profit by misappropriating the time, skill and labor that have been invested by NASFT its trade name NATIONAL ASSOCIATION FOR THE SPECIALTY FOOD TRADE and service marks NASFT, NASFT FANCY FOOD SHOW and variants thereof and the products and services marketed, sold, advertised and promoted thereunder.

63.    Defendant's unlawful acts and practices as alleged in this Complaint constitute willful misappropriation and palming off of NASFT's property rights.

64.    As a direct consequence of Defendant's unlawful acts and practices as alleged herein, NASFT has been, is being and, unless such acts and practices are preliminarily and permanently enjoined by the Court, will continue to be injured in its property rights, and has

suffered, is suffering and will continue to suffer injury and damage for which NASFT is entitled to relief under the common law doctrine of misappropriation.

65.    As a direct consequence of Defendant's misappropriation, Defendant has caused, is causing and unless such misappropriation is enjoined by the Court, will continue to cause immediate and irreparable harm to NASFT for which there is no adequate remedy at law, and for which NASFT is entitled to injunctive relief under the common law.

**SIXTH CAUSE OF ACTION**
**(Infringement of New York Common Law Trademark Rights)**

66.    NASFT realleges and incorporates by reference herein the allegations of paragraphs 1 to 65 above.

67.    This claim arises under the common law of the State of New York.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1338(b) and based on supplemental jurisdiction.

68.    On information and belief,  with full knowledge of NASFT's property rights in its trade name and service marks identified herein and NASFT's reputation in the food industry, and without NASFT's consent or knowledge, Defendant has been distributing solicitations using NASFT, NASFT FANCY FOOD SUMMER, NASFT FANCY FOOD WINTER, and NATIONAL ASSOCIATION FOR THE SPECIALTY FOOD, which are confusingly similar to NASFT's trade name and service marks identified herein.

69.    Defendant has deliberately and willfully copied NASFT's trade name and service marks identified herein for use in commerce in connection with its *Fair Guide* solicitations without authorization, and without any commercial necessity, legitimate reason or satisfactory explanation, and have derived unlawful gains, profits and advantages from their infringement of NASFT's trade name and service marks.

70.     On information and belief, Defendant willfully has committed, is committing and,
unless enjoined by this Court, will continue to commit the infringing acts and practices alleged
above, with full knowledge of NASFT's prior rights in its trade name NATIONAL
ASSOCIATION FOR THE SPECIALTY FOOD TRADE and service marks NASFT, NASFT
FANCY FOOD SHOW and variants thereof with willful disregard for NASFT's rights, for the
purpose and with the intent of deceiving and confusing purchasers, the trade, and the public with
respect to the source, origin, sponsorship, endorsement or affiliation of Defendant's *Fair Guide*
and its connection with NASFT.

71.     Defendant's use of NASFT, NASFT FANCY FOOD SUMMER, NASFT FANCY
FOOD WINTER, and NATIONAL ASSOCIATION FOR THE SPECIALTY FOOD as
described above has caused, is causing and, unless enjoined by this Court, will continue to cause
confusion and mistake in the marketplace and deception of the trade and the public as to the
relationship or affiliation of the parties and the endorsement, sponsorship or association of
NASFT with respect to the Defendant's *Fair Guide* solicitation.

72.     Defendant's use of NASFT, NASFT FANCY FOOD SUMMER, NASFT FANCY
FOOD WINTER, and NATIONAL ASSOCIATION FOR THE SPECIALTY FOOD, as
described above has impaired, is impairing and, unless enjoined by this Court, will continue to
impair NASFT's reputation accrued under the aforementioned marks and has caused, is causing,
and unless enjoined by this Court, will continue to cause injury and damage to NASFT for which
NASFT is entitled to relief under the common law.

73.     By reason of Defendant's unlawful acts and practices set forth above, Defendant
has caused, is causing and, unless such acts and practices are enjoined by the Court, will

continue to cause, immediate and irreparable harm to NASFT for which there is no adequate

remedy at law, and for which NASFT is entitled to injunctive relief.

## SEVENTH CAUSE OF ACTION
### (Dilution Under New York Law)

74.     NASFT realleges and incorporates by reference herein the allegations of

paragraphs 1 to 73 above.

75.     This claim arises under the law of the State of New York.  This Court has subject

matter jurisdiction pursuant to 28 U.S.C. §1338(b) and based on supplemental jurisdiction.

76.     NASFT's trade name NATIONAL ASSOCIATION FOR THE SPECIALTY

FOOD TRADE and service marks NASFT, NASFT FANCY FOOD SHOW and variants thereof

have become famous and have acquired distinctiveness and secondary meaning and connote to

the minds of the trade and the public the services and products offered by NASFT.

77.     The copying and using the aforementioned marks in connection with its *Fair*

*Guide* solicitations by Defendant has the likelihood of diluting, blurring, and diminishing the

distinctive quality and value of NASFT's trade name and service marks identified herein and by

virtue of its unlawful acts, Defendant has violated N.Y. Gen Bus. Law §360-l.

78.     As a direct consequence of Defendant's unlawful acts and practices as alleged

herein, NASFT has been, is being and, unless such acts and practices are preliminarily and

permanently enjoined by the Court, will continue to be injured in its property rights, and has

suffered, is suffering and will continue to suffer injury and damage, for which NASFT is entitled

to relief under New York law.

79.     By reason of Defendant's acts, Defendant has caused, is causing and, unless

enjoined by the Court, will continue to cause immediate and irreparable harm to NASFT for

which there is no adequate remedy at law, and for which NASFT is entitled to injunctive relief under New York law.

## EIGHTH CAUSE OF ACTION
### (Deceptive Trade Practices)

80.     NASFT realleges and incorporates by reference herein the allegations of paragraphs 1 to 79 above.

81.     This claim arises under the law of the State of New York.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1338(b) and based on supplemental jurisdiction.

82.     Defendant's use of NASFT, NASFT FANCY FOOD SUMMER, NASFT FANCY FOOD WINTER, and NATIONAL ASSOCIATION FOR THE SPECIALTY FOOD in connection with its *Fair Guide* solicitations is a deceptive business act or practice.

83.     Defendant's *Fair Guide* solicitations implied representations to the trade and the public that its *Fair Guide* had been authorized, endorsed or sponsored by NASFT, or is otherwise associated with NASFT, and were made and are being made solely for the purpose of misleading the trade and the public and capitalizing on the reputation and goodwill established by NASFT.

84.     On information and belief, Defendant's use of NASFT, NASFT FANCY FOOD SUMMER, NASFT FANCY FOOD WINTER, and NATIONAL ASSOCIATION FOR THE SPECIALTY FOOD has been and continues to be done with the intent and design on the part of Defendant to lead the trade and the public into believing that its *Fair Guide* listing and advertising services are in some manner associated with or connected to NASFT.

85.     On information and belief, with the intention and design of capitalizing on NASFT's trade name and service marks identified herein, Defendant has deliberately used

NASFT's trade name and service marks so as to confuse the trade and the general public, all of which tends to create, has created and will continue to create confusion among the trade and the purchasing public and lead members of the industry to believe that Defendant's *Fair Guide* solicitations are approved by, endorsed by, sponsored by, or otherwise associated with NASFT.

86.     By virtue of its unlawful acts, Defendant has used NASFT, NASFT FANCY FOOD SUMMER, NASFT FANCY FOOD WINTER, and NATIONAL ASSOCIATION FOR THE SPECIALTY FOOD as described herein with the intent of deceiving or misleading the public in violation of N.Y. Gen. Bus. Law § 349.

87.     By reason of Defendant's unlawful conduct, NASFT has suffered and will continue to suffer damage to its business, reputation and goodwill, and the loss of sales and profits NASFT would have made but for Defendant's acts.

88.     As a direct consequence of Defendant's unlawful acts and practices as alleged herein, NASFT has been, is being and, unless such acts and practices are preliminarily and permanently enjoined by the Court, will continue to be injured in its property rights, and has suffered, is suffering and will continue to suffer injury and damage, for which NASFT is entitled to relief under New York law.

89.     By reason of Defendant's acts, Defendant has caused, is causing and, unless preliminarily and permanently enjoined by the Court, will continue to cause immediate and irreparable harm to NASFT for which there is no adequate remedy at law, and for which NASFT is entitled to injunctive relief under New York law.

### JURY TRIAL DEMAND

NASFT hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38.

### PRAYER FOR RELIEF

WHEREFORE, NASFT requests the following relief:

1.      That Defendant, its officers, agents, servants, employees and/or representatives and all other persons, firms or corporations in active concert or participation with them, be permanently enjoined and restrained from using, NASFT, NASFT FANCY FOOD SUMMER, NASFT FANCY FOOD WINTER, and NATIONAL ASSOCIATION FOR THE SPECIALTY FOOD and/or any other name or marks confusingly similar to any trade name or service mark owned by NASFT;

2.      That Defendant, pursuant to 15 U.S.C. § 1116(a), be directed to file with this Court and serve upon NASFT within thirty (30) days after entry of the injunction, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

3.      That this Court award NASFT its actual damages, and any profits of Defendant's attributable to Defendant's infringement of NASFT's trade name and service marks;

4.      That this Court award NASFT punitive and exemplary damages against Defendant in an amount to be determined after trial;

5.      That this case be deemed an exceptional case pursuant to 15 U.S.C. § 1117(a) and that Defendant be deemed liable for and be ordered to pay NASFT, in addition to the aforesaid damages, NASFT's costs and attorneys' fees, and that the amount of actual damages be trebled; and

6.      That NASFT be granted such other and further relief as the Court deems just and equitable.

Respectfully submitted,

BAKER BOTTS L.L.P.,

Dated: April __, 2004                                      By:    _____
                                                                  Doreen L. Costa (DC:2830)
                                                                  Abigail Rubinstein (AR:0689)
                                                                  30 Rockefeller Plaza
                                                                  New York, New York, 10112
                                                                  Tel.: (212) 408-2500
                                                                  Fax: (212) 705-5000

                                                                  Attorneys for Plaintiff

Exhibit 1





PRESENTATION    TO EXHIBIT    TO VISIT    PRESS    E

TO EXHIBIT

INFORMATION

CONTACTS

LINKS

THE 2002 SHOW

## Important Information to Exhibitors

### Important information about Fair Guide of Construct Data Verlag GmbH !

The Fair Guide from Construct Data Verlag GmbH, use informations from internationl fairs and then send letters to exhibitors at fairs , organised by Sécession, with an offer to advertise on Construct Data's homepage against payment. In their offer, Construct Data uses both the name of Sécession and also the name of the exhibition at which the exhibitor took part. Sécession would as a matter of fact like to make it clear that the use of information from our homepage and of our trade marks by Construct Data has been going on without the participation, approval or earlier knowledge of Sécession. We have also been told that Construct Data in the same way has used information from other fair organisers' homepages. If you get to know that information from Sécession, or that our trade marks are used in a similar way as described, we would be very grateful if you contact us.

Before and after having been in touch with Construct Data Verlag GmbH and the Fair Guide visit the following links :

stopecg
court's decision in Italy

Impc
Infor
Exhil
Who '
The M
Comp
Prom
Mond
How

General presentation - To exhibit - To visit - Pre
Copyright © 2003 - Mondial image, ph
Made

VNU Exhibitions Europe




## vnu exhibitions between people
### europe

Bias Group Jmark VNU Exhibitions Asia Jaarbeurs Utrecht Jaarbeurs Catering Services

**Announcement concerning Fair Guide**

[ search ]

Home
News
Organisation
Fairs
Innovations
How to reach us
Contact

VNU Exhibitions has received several questions and/or complaints of exhibitors as a result of a letter they received from the Austrian company Construct Data.
By means of this letter, Construct Data tries to get exhibitors to have themselves registered on www.fairguide.com, on payment of a substantial amount. According to Construct Data, this website should contain the largest fairs and exhibitors directory on the internet.

Despite the fact that in her letter, Construct Data claims to be independent, objective and not affiliated to any (trade fair) organiser, it has appeared that confusion exists among exhibitors about the source of this letter and a possible connection between VNU Exhibitions Europe and Construct Data. This is not at all the case. It seems likely that Construct Data has used data from old catalogues and websites from VNU Exhibitions to write the companies concerned. We can assure you that VNU Exhibitions does not co-operate with Construct Data, and has by no means provided her with any exhibitor data, nor will she do so in the future.

VNU Exhibitions wishes to leave it to your own decision whether you choose to make use of the service provided by Construct Data or not. Nevertheless, we would like to underline that, given the fact that registration on "www.fairguide.com" is on voluntary basis, this directory contains only the data of those companies that consider it to be useful to have themselves registered. For this reason only, the directory can not in any way contain a complete overview.

We hope to have informed you sufficiently. If you have any questions do not hesitate to contact us on tel.: +31 (0)30 295 2724 or by e-mail: info@vnuexhibitions.com.

< Back

©2004 VNU Exhibitions Europe. Conditions of use.

**Hong Kong OPTICAL Fair**
香港眼鏡展

Home | TDC Exhibitions | Site Map | 中文

| Information Centre | Exhibitors' Centre | Visitors' Centre | Media Centre |

You are Here: Exhibitors' Centre > Circular

### Circular

**Caution on Third Party Promotional Offers**

The Hong Kong Trade Development Council (HKTDC) has learnt that exhibitors have recently received invitations from FAIR GUIDE (owned by CONSTRUCT DATA) for listings in its guide at the exhibitors' expense. The HKTDC would like to point out that the FAIR GUIDE and the company CONSTRUCT DATA have no connection with the HKTDC or any of our fairs. You should exercise due diligence and care when being approached for such invitations so as to avoid possible unwarranted and/or unnecessary financial commitments. In order to protect your own interests, you are urged to read the contracts (including the small print) and attachments carefully before signing any such documents.

**◀ Back**



\* **The information of this web site is subject to change**



Other TDC Exhibitions

香港貿易發展局
Hong Kong Trade Development Council

Copyright (c) 2000-2004 Hong Kong Trade Development Council. All Rights Reserved.
User Agreement | Privacy Policy

tdc

h          h      c f    c    c c    c c      h

Exhibit 2



*Use FAIRGuide, the largest fairs and exhibitors directory on the internet, to find companies, fairs and exhibitions all over the world.*





   

**HOME   FAIRS   EXHIBITORS   ORGANIZERS   HELP   ADVERTISE**



**links**

Links to planning of your exhibitio

**LIN**

**fairs**

Visit the exhibitio clicking correspo the worl

**BY**

**exhibi**

Visit the simply c correspo the worl

**BY**



**quick search**

To find a fair, an exhibitor or a fair organizer, simply enter the name or title, select the country and click SEARCH.

for: [ fairs, exhibitors or organizers ]

country: [ all countries ]

name: [                    ]   **SEARCH**

**detailed search for:**

**FAIRS   EXHIBITORS   ORGANIZERS**

## current fairs



- AEP CONGRESS
- AGRI-BUSINESS EXPO,MIDDLE EAST / MIDDLE EAST POULTRY SHOW / GARDENEX / AQUACULTURE & FISHING SHOW
- AGRISHOW CERRADO
- AIRCRAFT INTERIORS CONFERENCE & EXHIBITION
- ALBCO
- BABY EXPO
- BEER / WINES & DRINKS
- BISTRO
- BUILDING & RENOVATION
- CASTING

**MORE FAIRS**

## special features



- Integrated WebSite
- List your company on Fairguide
- Daily updated news
- Imprint

## contact

© 1999 - 2004 by Construct Data
All Rights reserved.

**CONTACT**

ScreenDesign: Artware®
Ver 4.2/2004.3.9 · friends

**NEWS**



### INTERNATIONAL FURNITURE EXHIBITION

FERIA DE MADRID will stage, between 20th and 25th April, the twenty-firs MADRID INTERNATIONAL FURNITURE EXHIBITION, a trade meeting for the and integral decoration... [more]

### exponatec 2004

exponatec cologne will be making its debut from 20th to 23rd April 2004. I everything needed for exhibitions of art and culture, exponatec exhibitors t abroad will be pr... [more]

### All Things Organic 2004

Consumer demand for new meat, low-carbohydrate and convenience foods by the $13 billion organic industry, the fastest growing sector of America's New organic product... [more]

### VIV Asia 2005 moves to larger exhibition

VIV Asia has expanded so sensationally, it appears to be catching up with t 'mother', VIV Europe. The ongoing expansion confirms that VIV Asia is the for intensive a... [more]

HOME | FAIRS | EXHIBITORS | ORGANIZERS | HELP | ADVERTISE



*Use FAIRGuide, the largest fairs and exhibitors directory on the internet, to find companies, fairs and exhibitions all over the world.*


HOME  FAIRS  EXHIBITORS  ORGANIZERS  HELP  ADVERTISE

**list your company on FAIR Guide**

Please fill in the form and we will modify resp. add your
Regarding the different kind of entries please visit the ad
section. (*= necessary fields)

**current fairs**

- AEP CONGRESS
- AGRI-BUSINESS EXPO MIDDLE EAST / MIDDLE EAST POULTRY SHOW / GARDENEX / AQUACULTURE & FISHING SHOW
- AGRISHOW CERRADO
- AIRCRAFT INTERIORS CONFERENCE & EXHIBITION
- ALBCO
- BABY EXPO
- BEER / WINES & DRINKS
- BISTRO
- BUILDING & RENOVATION
- CASTING

**MORE FAIRS**

**special features**

- Integrated WebSite
- List your company on Fairguide
- Daily updated news
- Imprint

**contact**

© 1999 - 2004 by Construct Data
All Rights reserved

**CONTACT**

ScreenDesign: Artware®
Ver 4.2/2004.3.9 - friends

| | |
|---|---|
| name*: | |
| company: | |
| street: | |
| pc/zip: | |
| city: | |
| country: | please select |
| phone*: | |
| fax: | |
| e-mail*: | |
| Fairs: | |
| kind of entry: | please select |

Send further information for ad in the FA
○ yes  ○ no

In case of questions contact me by:
○ phone  ● email

h          f  g    e c        c   e  h

Exhibit 3

**Int. Cl.: 35**

**Prior U.S. Cls.: 100, 101 and 102**

## United States Patent and Trademark Office

**Reg. No. 1,925,821**
Registered Oct. 10, 1995

### SERVICE MARK
### PRINCIPAL REGISTER

## NASFT INFOLINK

NATIONAL ASSOCIATION FOR THE SPE-
   CIALTY FOOD TRADE, INC. (NEW YORK
   NOT-FOR-PROFIT CORPORATION)
8 WEST 40TH STREET, 4TH FLOOR
NEW YORK, NY 100183901

   FOR: BUSINESS INFORMATION SERVICES,
NAMELY COMPILATION AND PROVISION OF
INFORMATION CONCERNING TRADE SHOW
EXHIBITORS AND THEIR PRODUCTS AND
SERVICES FOR ATTENDEES OF TRADE
SHOWS IN THE FOOD INDUSTRY, IN CLASS
35 (U.S. CLS. 100, 101 AND 102).
   FIRST    USE    3-1-1992;    IN    COMMERCE
3-1-1992.
   OWNER OF U.S. REG. NO. 1,275,157.

   SER. NO. 74-594,397, FILED 11-3-1994.

CHRIS DONINGER, EXAMINING ATTORNEY

Int. Cls.: 16, 35, 41 and 42

Prior U.S. Cls.: 2, 5, 22, 23, 29, 37, 38, 50, 100,
101, 102 and 107                                          Reg. No. 1,980,663
United States Patent and Trademark Office    Registered June 18, 1996

## TRADEMARK
## SERVICE MARK
### PRINCIPAL REGISTER

# NASFT

NATIONAL ASSOCIATION FOR THE SPE-
CIALTY FOOD TRADE, INC. (NEW YORK
NOT-FOR-PROFIT CORPORATION)
8 WEST 40TH STREET, 4TH FLOOR
NEW YORK, NY 100183901

FOR: PAMPHLETS, BROCHURES, NEWS-
LETTERS, JOURNALS, AND MAGAZINES
CONCERNING SUBJECTS OF INTEREST IN
THE SPECIALTY FOOD INDUSTRY, IN CLASS
16 (U.S. CLS. 2, 5, 22, 23, 29, 37, 38 AND 50).
FIRST USE 0-0-1952; IN COMMERCE
0-0-1952.
FOR: ORGANIZING, PRODUCING AND
MANAGEMENT OF TRADE SHOW EXHIBITS
FOR THE PRODUCTS OF COMPANIES IN THE
SPECIALTY FOOD TRADE; INFORMATION
SERVICES FOR TRADE SHOW ATTENDEES
ABOUT THE PRODUCTS AND SERVICES OF
COMPANIES IN THE SPECIALTY FOOD
TRADE; CONDUCTING MARKET RESEARCH
FOR COMPANIES IN THE SPECIALTY FOOD

INDUSTRY, IN CLASS 35 (U.S. CLS. 100, 101
AND 102).
FIRST USE 0-0-1952; IN COMMERCE
0-0-1952.
FOR: PROVIDING LECTURES AND SEMI-
NARS ABOUT THE SPECIALTY FOOD INDUS-
TRY, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).
FIRST USE 0-0-1952; IN COMMERCE
0-0-1952.
FOR: ASSOCIATION SERVICES, NAMELY
PROMOTING THE INTERESTS OF THE MEM-
BERS OF THE SPECIALTY FOOD INDUSTRY;
CONDUCTING PRODUCT RESEARCH FOR
COMPANIES IN THE SPECIALTY FOOD IN-
DUSTRY, IN CLASS 42 (U.S. CLS. 100 AND 101).
FIRST USE 0-0-1952; IN COMMERCE
0-0-1952.
OWNER OF U.S. REG. NO. 1,275,157.

SER. NO. 74-619,896, FILED 1-9-1995.

G. MAYERSCHOFF, EXAMINING ATTORNEY

Int. Cls.: 35 and 41

Prior U.S. Cls.: 100, 101, 102, and 107

## United States Patent and Trademark Office

Reg. No. 2,137,883

Registered Feb. 17, 1998

## SERVICE MARK
### PRINCIPAL REGISTER

# NASFT FANCY FOOD SHOW

NATIONAL ASSOCIATION FOR THE SPE-
CIALTY FOOD TRADE, INC. (NEW YORK
NOT-FOR PROFIT CORPORATION)
120 WALL STREET
NEW YORK, NY 100054001

FOR: ARRANGING AND CONDUCTING
TRADE SHOW EXHIBITIONS FOR THE FOOD
INDUSTRY, IN CLASS 35 (U.S. CLS. 100, 101
AND 102).

FIRST USE 6-0-1996; IN COMMERCE
6-0-1996.

FOR: ARRANGING AND CONDUCTING
EDUCATIONAL CONFERENCES, NAMELY,
SEMINARS, LECTURES, AND EXHIBITS FOR
THE FOOD INDUSTRY, IN CLASS 41 (U.S. CLS.
100, 101 AND 107).

FIRST USE 6-0-1996; IN COMMERCE
6-0-1996.

OWNER OF U.S. REG. NOS. 1,275,157,
1,980,663, AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "FANCY FOOD SHOW",
APART FROM THE MARK AS SHOWN.

SN 75-118,125, FILED 6-13-1996.

EDWARD NELSON, EXAMINING ATTORNEY

Exhibit 4

# FAIRGuide
## THE EXHIBITORS FAIR GUIDE

The FAIR Guide lists you under the following event

NASFT FANCY FOOD WINTER
(UNITED STATES OF AMERICA)

2025.5054793S

THE GILWAY COMPANY
17 ARCADIAN AVENUE, SUITE 106
USA-NJ 07652 P RAMUS
UNITED STATES F AMERICA

Correct, if necessary, your address in the label and fill in further details.

Return this form, together with your brochure. The existing line entry with the basic data of your company will be published in the FAIR Guide, even if you don't place a binding order. By carefully filling in and returning this form you have the chance to be published on-line with text and images in the FAIR Guide, or to have your data corrected.
The FAIR Guide offers a first class survey of basic information on fairs and exhibitors and is the ideal complement for a visit to a specific fair. The FAIR Guide is independent, objective and is not related to any organizer or marketing association.

**Further fairs or exhibitions your company attends**

**Describe your line of activity**

Telephone:
Telefax:
Contact:
E-Mail:                    ℗
WWW: http://

Yearly turnover: .......... (Mio., local currency)
Year of foundation: ..........  Employees: ..........
Level of operations:
☐ National   ☐ Europe   ☐ Worldwide

Place, Date

X
Stamp, Legally Binding Signature

Order: We agree to the publication of our company's data and place with Construct Data Verlag GmbH Austria the order to publish the information above as an advertisement according to specification ExAvAdv in the Internet FAIR Guide for the next three yearly periods of publication. The order is invoiced and irrevocable unless revoked by registered letter within 10 days after order's date (date of postmark is considered). The order is prolonged automatically by another year – no written cancellation is received three months before order's expiry at the latest. The costs per period of publication amount to US$ 851.00 and are payable upon issue of invoice. The publishers reserve the right to publish the FAIR Guide in mediums other than the Internet. The company's data will be processed and saved electronically. Sole legal venue and place of performance shall be Vienna.

Publishers · Construct Data Verlag GmbH, Ortsstrasse 54 · 2331 Vösendorf · Austria  Fax: +43-1/6994077 40  E-Mail: info@fair-guide.com · WWW: http://www.fair-guide.com

Exhibit 5



The Exhibitors Fair Guide                    **FAIR GUIDE**                     http://www.fairguide.com

You are registered under the following event:

**NASFT FANCY FOOD SUMMER ***
United States of America

\* The cited trade show or exhibition is possibly registered as a trademark for the named organizer or on behalf of another company. This reference is solely made for explanatory purposes and for the benefit of the trademark proprietor, without any intent in of violating any right or trademark law.

org.: NASFT National Assn. for the Specialty Food

Dear Exhibitor,
Dear Sir/Madam,

Return - using the enclosed envelope – this form with your company brochure and help us keep the FAIR Guide up-to-date. Your existing free line-entry (including full company name, address, phone, fax and email) is published in the FAIR Guide, even if you don't place a binding order as below. Upon receipt of your completed form your data will be either updated in FAIR Guide or published with additional text and images as a full-sized insertion.

All available information on trade fairs worldwide with their associated exhibitors is published in FAIR Guide, making it a very powerful medium for attracting new customers, finding business partners or researching fairs. The FAIR Guide is independent, objective and not affiliated to any organiser or marketing association.

Correct your address here to ensure an accurate listing!

| | |
|---|---|
| 2061.5121.5518 | telephone |
| HERATLINE FOODS INC/CHINA BOWL TRADING | telefax |
| 830 Post Road East | |
| USA-CT 06880, Westport | e-mail |
| | www |
| | contact |
| statistical data | level of operation |
| yearly turnover  planned entries  employees | ☐ national  ☐ europe  ☐ america  ☐ asia  ☐ worldwide |
| describe your line of activity (brief outline) | |

**Order:** We hereby agree to the publication of our company's data in the form of a full-sized insert on and place with Construct Data Verlag AG the order to display the information provided as a payable advertisement for the next three years in the FAIR Guide on Internet. The specification Exh/Adv is applicable - a copy is available by post, upon request. The order is irrevocable and payable if not revoked by registered letter within ten days of the date of order. Date of postage is considered. Costs per year amount to US$ 981 and become due upon issue of invoice. The three years' duration begins with the date of the first invoice. The order is prolonged by a further year, if no cancellation notice is given by registered mail, at the latest three months before order's expiry. Our company's data will be processed and saved electronically. Sole legal venue and place of performance is Mörbing.

X

place, date                                      stamp, legally binding signature

The Exhibitors Fair Guide            ![FAIR GUIDE logo] **FAIR GUIDE**            http://www.fairguide.com

7437o

EINGELANGT
0 5. Jan. 2004
erl.:

You are registered under the following event:

**NASFT FANCY FOOD WINTER \***
United States of America

† The word trade show or exhibition is possibly registered as a trademark for the named organizer or on behalf of another company. This reference is solely made for explanatory purposes and for the benefit of the trademark proprietor, without any intention of violating copyright or trademark law.

org.: NASFT National Assn. for the Specialty Food

Dear Exhibitor,            $\mathcal{CANCEL \quad ORDER}$
Dear Sir/Madam,

Return – using the enclosed envelope – this form with your company brochure and help us keep the FAIR Guide up-to-date. Your existing free line-entry (including full company name, address, phone, fax and email) is published in the FAIR Guide, even if you don't place a binding order as below. Upon receipt of your completed form your data will be either updated in FAIR Guide or published with additional text and images as a full-sized insertion.

All available information on trade fairs worldwide with their associated exhibitors is published in FAIR Guide, making it a very powerful medium for attracting new customers, finding business partners or researching fairs. The FAIR Guide is independent, objective and not affiliated to any organiser or marketing association.

Correct your address here to ensure an accurate listing!

| | |
|---|---|
| 2060.52251420<br><br>**CS BROKERS**<br>151 Platt Lane<br>USA-CT 06460, Milford | telephone _203 - 878 - 7788_<br>telefax _203 877 - 6649_<br>e-mail _CYRUS @ cs brokers . com_<br>www _. cs brokers . com_<br>contact _Cyrus Settineri_ |
| statistical data<br>yearly turnover _10,000,000_ ... in millions, employees _5_ | level of operations<br>☐ national  ☐ europe  ☒ america  ☐ asia  ☐ worldwide |
| describe your line of activity (brief outline)<br>_Brokers of specialty and natural foods in the Northeast_<br>_for over 20 years._ | |

Order: We hereby agree to the publication of our company's data in the form of a full-sized insertion and place with Construct Data Verlag AG the order to display the information provided as a payable advertisement for the next three years in the FAIR Guide on Internet. The specification Exh/Adv is applicable - a copy is available by post, upon request. The order is irrevocable and payable if not revoked by registered letter within ten days of the date of order. Date of postage is considered. Costs per year amount to US$ 981 and become due upon issue of invoice. The three years' duration begins with the date of the first invoice. The order is prolonged by a further year, if no cancellation notice is given by registered mail, at the latest three months before order's expiry. Our company's data will be processed and saved electronically. Sole legal venue and place of performance is Mödling.

_12 - 29 - 03_                                         [signature]

place, date                                              stamp, legally binding signature

Construct Data Verlag AG · Orlsgasse 54 · 2331 Vösendorf · Austria · Fax: +43-1/6994407740 · E-Mail: info@fairguide.com