```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                                    :
NATIONAL ASSOCIATION FOR THE SPECIALTY :
FOOD TRADE, INC.,                   :
                        Plaintiff,  :      04 Civ. 2983 (DLC)
                                    :
            -v-                     :      MEMORANDUM
                                    :      OPINION & ORDER
CONSTRUCT DATA VERLAG AG,           :
                        Defendant.  :
                                    :
------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/23/07

DENISE COTE, District Judge:

National Association for the Specialty Food Trade, Inc. ("NASFT") filed this action on April 19, 2004 against Construct Data Verlag AG ("Construct Data") for infringing NASFT's trademark rights, unfair competition, false advertising, and dilution under the Lanham Act and New York statutory and common law. Service was made on the defendant, a limited liability company organized and existing under the laws of Austria, on September 22, 2004 by Austrian judicial authorities pursuant to Letters Rogatory issued by the Court. Proof of service was filed by the U.S. Department of State via FedEx package received by this Court on November 12, 2004. The plaintiff made discovery demands upon the defendant, who failed to provide any responsive information. On October 18, 2005, the Hon. Michael B. Mukasey, to whom this case was then assigned, entered a default and injunction in favor of NASFT, and the case was

referred to Magistrate Judge Kevin Nathaniel Fox for an inquest on damages.

This case was reassigned to this Court's docket on October 16, 2006. Magistrate Judge Fox issued a Report and Recommendation ("Report") on December 11, 2006, recommending that NASFT not be awarded any damages but be awarded reasonable attorneys' fees, costs, prejudgment and post-judgment interest. As indicated by Judge Fox in his Report and pursuant to Rule 72, Fed. R. Civ. P., the parties had ten days in which to file objections to the December 11 Report. No objections by either party have been filed to date.

The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "The referring district judge may accept those portions of the magistrate judge's report and recommendation to which no specific written objections are made, provided there is no clear error on the face of the record." Doe v. Goord, No. 04 Civ. 570 (GBD), 2006 WL 1041130, at *2 (S.D.N.Y. Apr. 18, 2006). This Court identifies no clear error in the Report.

The Report's findings and conclusions are summarized here. Upon the default of a party, a court must accept all factual allegations of the complaint as true, except those relating to damages. See Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65

2

(2d Cir. 1981). Construct Data willfully infringed NASFT's trademarks by creating the impression among NASFT's members and those who were exhibitors at NASFT trade shows that the defendant's FAIRGUIDE advertisement solicitations were in some way associated with or otherwise sponsored, endorsed or licensed by NASFT.

On March 24, 2006, Magistrate Judge Fox directed NASFT to file and serve Proposed Findings of Fact and Conclusions of Law with respect to the damages it was seeking, properly supported by affidavits or other competent evidence. NASFT's July 18, 2005 submission, however, failed to comply with Judge Fox's directive and to satisfy its burden of proof with respect to damages.

NASFT also sought an award of attorneys' fees in the amount of $75,896.00 and costs in the amount of $10,375.94. The Report excluded four hours of time and reduced the billing rates for paralegals and law clerks. Using these new rates, the Report recommended an award of $68,023.50 for reasonable attorneys' fees incurred by the plaintiff in prosecuting this action. **The Report found that $106.95 of the $10,375.94 requested for costs** was attributable to activities occurring during 2000 and 2001, before the period relevant to this case. Discounting these costs, the Report **proposed** an award of $10,268.99, the majority of which was incurred in effecting service of process upon the

3

defendant in Austria. In sum, the Report recommended a total award of $78,292.49 in attorneys' fees and costs.

The Report also recommended a discretionary award of prejudgment interest at the rate of nine per centum per annum, **and a** discretionary award of post-judgment interest under 28 U.S.C. § 1961, "at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding []the date of the judgment."

## Conclusion

The Report is adopted in full. NASFT's request for damages is denied, but NASFT is awarded $68,023.50 in attorneys' fees and $10,268.99 for costs and disbursements. The Clerk of Court shall enter judgment for the plaintiff and close the case.

SO ORDERED:

Dated:    New York, New York
          February 23, 2007

                              _____
                                      DENISE COTE
                              United States District Judge

4